IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kristen L. Mix

Civil Action No. 14-mc-00196-LTB-KLM

JOHN KING, and
TAMMY DRUMMOND,

    Plaintiffs,

v.

SOLVAY S.A.,

    Defendant.

TRUVEN HEALTH ANALYTICS,

    Interested Party.

_____

# ORDER
_____

This matter is before the Court on Truven Health Analytics' ("Truven") **Motion to Quash** [#1] (the "Motion to Quash").[1]  Relators John King and Tammy Drummond ("Relators") filed a Response to the Motion to Quash [#5] (the "Response"), and Truven filed a **Motion for Protective Order** [#8] (the "Motion for Protective Order," and collectively with the Motion to Quash, the "Motions").  The Court has reviewed these filings, the entire docket, and the applicable law, and is fully advised in the premises.  For the reasons set forth below, the Motions [#1, #8] are **GRANTED in part and DENIED in part.**

## I. Background

---

[1] [#1] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

1

The Relators filed a *qui tam* action against Solvay S.A., a pharmaceutical company, in the Southern District of Texas.[2] Among other claims, Relators allege that Solvay illegally marketed three drugs, AndroGel, Aceon and Luvox, in violation of the Anti-Kickback Statute. *Response* [#5] at 1. According to Relators,

> Truven was the publisher of a drug compendium called the Drugdex Information System. Government healthcare programs, including Medicaid, rely on Drugdex to support reimbursement of drugs prescribed for otherwise non-reimbursable off-label use. Relators allege, among multiple theories, that [Solvay] committed fraud on or with Truven to obtain preferable reimbursement status for its three drugs.

*Id.*

Truven is not a party to the Texas lawsuit. Truven asserts that it has, nevertheless, voluntarily provided "extraordinarily extensive discovery in this action – including producing some 20,000 pages of documents, permitting counsel for the Relators to conduct several informal interviews with Truven personnel and, critically, producing two highly knowledgeable deponents whose knowledge of issues the Relators have identified as relevant . . . ." *Motion* [#1] at 2. Nevertheless, Relators issued four subpoenas for depositions of Truven employees Kristy Brunskill, Anne Davis, Kris Minne and Felicia Gelsey in Denver, Colorado. Truven contends that these employees lack relevant information about both the drugs and Drugdex, the compendium published by Truven referred to in the Fifth Amended Complaint. Truven calls the Relators' allegations that Solvay communicated with Truven and/or its employees in an effort to have desired off-label uses for the three drugs at issue incorporated into Drugdex "highly speculative." *Id.*

---

[2] When the lawsuit was filed, the Defendant was known as Solvay Pharmaceuticals. Inc. The Southern District of Texas civil action number is H-06-2662, Hon. Gray H. Miller presiding.

at 7. In light of the alleged lack of relevant knowledge possessed by the subpoenaed employees, as well as the burden on Truven of providing information to date and producing the employees for depositions, Truven seeks to quash the subpoenas. *Id.* at 13-16.

For their part, the Relators make several points. First, they complain that "despite receiving nine weeks' notice of the subpoenas and being served with three weeks' notice, Truven waited to file its Motion to Quash [until] three business days before the scheduled depositions." Hence, they assert that the Motion is untimely. *Response* [#4] at 2, 8-9. Second, they assert that Truven's involvement in the alleged illegal conduct is far from insignificant. By including certain "medically accepted indications" for uses of the three drugs in Drugdex, Truven "gave [Solvay] access to Medicaid reimbursement which it otherwise would not have had . . . . Relators have alleged that [Solvay] committed fraud on or with Truven to obtain government reimbursement of its drugs for off-label uses." *Id.* at 3. Third, they assert that Truven has been less than cooperative in providing discovery to date despite Judge Miller's order compelling production of documents and indications of his displeasure with Truven's non-compliance. "Contrary to Truven's representations to the Court, Truven has a track record of failing to comply, which the Southern District of Texas knows all too well." They assert that they have made efforts to streamline the depositions sought here by asking Truven to indicate whether Ms. Brunskill or Ms. Davis worked on the three drug entries with the most frequency and by requesting convenient deposition dates. Relators say that Truven refused to respond and instead indicated that it would move to quash the subpoenas. *Id.* at 5-6, 7. Fourth, they assert that the two previous depositions of Truven employees were far from comprehensive, and resulted in the need for additional discovery. One of the deponents, Ms. LaClaire, "has absolutely no

3

knowledge, and has never worked on, [Drugdex] entries pertaining to the three drugs at issue in this case." The other deponent, Ms. Mullins, "is a librarian. She too did not work specifically on the entries pertaining to the drugs at issue." *Id.* at 10. Regarding the need for additional discovery, Relators state that during the depositions, they first learned of Truven documents relating to off-label uses that should have been produced in response to a prior subpoena, and that Truven employs a statistician, Ms. Gelsey, "whose sole responsibility is to review studies used in support of off-label entries." *Id.* at 11. Finally, Relators assert that Truven prepared and produced a spreadsheet which states that Ms. Brunskill worked on Drugdex entries for the drug Luvox in 2008 and for the drug Aceon in 2007, Ms. Minne worked on the Luvox entries in 2005, 2006 and 2008, on the Aceon entries in 2004, 2006-2007 and on the AndroGel entry in 2007, and Ms. Davis worked on the AndroGel entries in 2009 and 2011 and on the Aceon entries in 2013. *Id.* at 14; Exh. 14. Hence, their testimony is relevant to the claims.

## II. Analysis

Fed. R. Civ. P. 45 governs depositions of non-parties by subpoena. The scope of permissible discovery under Rule 45 is set forth in Fed. R. Civ. P. 26(b)(1), which provides, in part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Further, "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.; see also* Fed. R. Civ. P. 45(d)(1), Advisory Committee Note ("The changes make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules.").

Rule 45(d)(3)(A)(iv) allows a recipient of a subpoena to file a motion to quash if it

subjects him to an undue burden. *Spacecon Spec. Contractors, LLC v. Bensinger*, No. 09-cv-2080-REB-KLM, 2010 WL 3927783, at *2 (D. Colo. Oct. 1, 2010).[3] The objecting party has the burden of showing that the discovery requested is objectionable. *Id.* (citing *Klesch & Co. v. Liberty Media Corp.,* 217 F.R.D. 517, 524 (D. Colo. 2003)). In determining whether a subpoena imposes an undue burden, the court weighs the burden to the subpoenaed party against the value of the information to the requesting party. "Generally, this requires consideration of relevance, the need of the party for the [information], the breadth of the [information] request, the time period covered by it, . . . [and] the burden imposed." *DISH Network, LLC v. WNET*, No. 13-cv-00832-PAB-KLM, 2014 WL 1628132, at *3 (D. Colo. April 24, 2014). "The fact that discovery is sought from a non-party is one factor the Court may weigh in determining whether [the requesting party] is entitled to enforcement of the subpoena." *Spacecon*, 2010 WL 3927783, at *3.

Regarding whether the testimony of the four Truven employees is relevant, the Court determines that Ms. Brunskill's, Ms. Minne's and Ms. Gelsey's testimony is relevant. Despite their affidavits uniformly asserting that they "have no knowledge of any communications between Truven and Solvay or any of Solvay's affiliates," Ms. Brunskill acknowledges that she has "on occasion edited content [in Drugdex] related to off-label uses of drugs," Ms. Minne acknowledges that she has had "general supervisory responsibility for Drugdex" since 2008, and Ms. Gelsey acknowledges that she assists clinicians "in assessing whether studies in articles reviewed by [them] for possible inclusion

---

[3] This Court has jurisdiction over the Motions under Fed. R. Civ. P. 45(d)(3)(A), which mandates that an Order quashing a subpoena must issue from "the court for the district where compliance is required." The parties do not dispute that the subpoenas at issue required compliance in the District of Colorado. *See* [#1-7].

in Drugdex meet certain threshold methodological criteria." *Motion* [#1] at Attachments 3, 4, 5. Moreover, the spreadsheet provided by Truven demonstrates that Ms. Brunskill and Ms. Minne worked on Drugdex entries for the drugs at issue in the relevant timeframe. *Response* [#5] at Exh. 14. This evidence is sufficient to demonstrate that Ms. Brunskill, Ms. Minne and Ms. Gelsey may have information that could lead to the discovery of admissible evidence. *Williams v. Bd. of Cnty. Comm'rs*, 192 F.R.D. 698, 702 (D. Kan. 2000) (stating that a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to a claim or defense). Truven has not sustained its burden of showing that the information sought from these three employees is not relevant. *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004) ("When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." (citations omitted)).

Ms. Davis, however, is a different story. Relators amply demonstrate that the lawsuit is about off-label marketing of three of Solvay's drugs. But Ms. Davis's affidavit unequivocally states that although she is responsible for "writing content in Drugdex and other databases[,] [her] job responsibilities have never included work related to off-label uses of drugs." *Motion* [#1] at Attachment 6. Despite the spreadsheet's indication that Ms. Davis worked on the AndroGel entries in 2009 and 2011 and on the Aceon entries in 2013, there is no evidence to suggest that her work involved off-label uses of those drugs. Relators make no argument about the relevance of Ms. Davis' testimony specifically,

6

instead acknowledging that they made pre-subpoena attempts to determine whether it is necessary to take her deposition at all. *Response* [#5] at 5-6. Under these circumstances, the Court finds that the testimony of Ms. Davis is not relevant, and the Motions [#1, #8] are **granted in part** as to her deposition.

As to the remaining three depositions, having found that the information sought is relevant, the Court balances the burden of providing the information on Truven against the value of the information sought to the Relators. *DISH Network*, 2014 WL 1628132, at *3. Regarding the burden on Truven, the Court notes that Relators seek a "half-day" deposition of each individual. *Response* [#5] at 15. In addition, the Court notes that Truven's argument about burden relates only to the burden it has already shouldered in providing discovery, not the burden of going forward with the employees' depositions. *See Motion* [#1] at 7 ("Truven personnel have devoted more than 100 hours to searching for responsive records"); *Aff. of Shannon Winston-Goewey* [#1-2] at 2 ("This [previously produced discovery] has included the production of over 20,000 pages of material including: 16 years of annual monographs for each of the three drugs at issue, several thousand pages of material from files maintained by Truven for each of these three drugs, unpublished draft monographs, and annual financial disclosures dating back to 2008 for each of the editors who worked on the monographs"); [#1-2] at 2 ("It took a Truven employee working full time for close to a week to identify [Drugdex monographs for the three drugs], which cannot be reproduced electronically and had to be printed out so that it could be sent to the vendor for scanning, a significant burden in and of itself"); [#1-2] at 3 (stating that files containing more than 300 journal articles used by Truven personnel in evaluating the off-label uses of the three drugs "had to be retrieved from off-site storage, and locating and reviewing

them required more than three full days of a Truven employee's time"); [#1-2] at 8 (stating that production of financial disclosure forms "required a senior Truven editor to spend more than two full days identifying each employee who had worked on relevant monographs, after which the financial disclosure files themselves had to be searched, a time consuming process given that these are paper files which can only be searched manually"); [#1-2] at 4 ("Altogether, Truven employees spent in excess of 100 hours identifying and preparing documents for production and responding to the Relators' other requests. None of this time was reimbursed. In fact, the only expense which was reimbursed was the $4200 it cost Truven to have the monographs and drug files scanned, which Relators agreed to pay but which they, in fact, did not pay until almost a year after the expenses were incurred.").[4] Truven's pleadings are devoid of any argument about the cost, in terms of time, energy or money, of going forward with the employees' depositions. There is no argument that Truven would incur travel expenses, measurable losses in terms of employee productivity, or even the amount of attorneys' fees which would be incurred to prepare the employees for and to defend their depositions. The record lacks any evidence relating to the anticipated burden on Truven of going forward with the depositions.

Under these circumstances, the Court cannot find that the burden on Truven of proceeding with the employees' depositions outweighs the value to Relators of the information sought. Any assessment of the burden on Truven would be speculative, given the absence of evidence to that effect in the record. Moreover, Truven cites to no legal

---

[4] Truven neglects to mention that many, if not all, of these efforts were required by Judge Miller's Order compelling Truven to respond to a document subpoena, which was originally served on Truven on October 18, 2012, by May 7, 2013. *See, e.g., Response* [#5] at 3; [#5-11].

authority – and the Court has found none – which allows the Court to consider the extent of the burden *already* suffered by a non-party in deciding whether to permit additional discovery. Indeed, if the law permitted that inquiry, the Court would be placed in the position of having to determine when discovery of a non-party should cease based on its prior discovery efforts, much of which may have occurred without court supervision and the circumstances of which may be disputed. To say the least, such an analysis would likely be problematic.

### III. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Motions [#1, #8] are **GRANTED in part and DENIED in part**. They are **granted** as to the deposition of Anne Davis and **denied** as to the depositions of Kristy Brunskill, Kris Minne and Felicia Gelsey. The parties shall forthwith set a date, time, and location in Denver, Colorado for the depositions of Ms. Brunskill, Ms. Minne and Ms. Gelsey consistent with D.C.COLO.LCivR 30.1, Fed. R. Civ. P. 30, and Fed R. Civ. P. 45. Each deposition shall not exceed three hours and thirty minutes. Each party and non-party Truven shall bear their own attorneys' fees and costs for the Motions [#1, #8].

BY THE COURT:

Dated: August 28, 2014

Kristen L. Mix
United States Magistrate Judge