IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-mc-00196-LTB-KLM

JOHN KING, and
TAMMY DRUMMOND,

    Plaintiffs,

v.

SOLVAY S.A.,

    Defendant.

TRUVEN HEALTH ANALYTICS,

    Interested Party.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Relators John King and Tammy Drummond's **Motion for Sanctions Against Truven Health Analytics** [#15][1] (the "Motion"). Interested Party Truven Health Analytics ("Truven") filed a Response [#17] in opposition to the Motion.[2] No Reply was filed. Relators are plaintiffs in underlying litigation located in the Southern District of Texas. *Motion to Transfer* [#4]. Truven is a non-party from whom

---

[1] "[#15]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] Truven notes that Relators failed to comply with the conferral requirements of D.C.COLO.LCivR 7.1(a) before filing the Motion. *Response* [#17] at 3 n.2. Relators have not rebutted this assertion. The Motion [#15] may be denied for failure to comply with the Local Rules. However, given Truven's obvious opposition to the Motion, in the interest of expediency the Court proceeds to examine the merits of Relators' Motion. Any further motions that fail to comply with D.C.COLO.LCivR 7.1 will be stricken without further warning.

Relators sought discovery in the District of Colorado. *Motion to Quash* [#1]. Relators seek reimbursement of travel expenses and reasonable attorneys' fees incurred by them in connection with the events discussed below. *Motion* [#15] at 1-2.

In late June 2014, Relators first advised Truven of their intent to take depositions of four Truven employees: Anne Davis ("Davis"), Kristy Brunskill, Kris Minne, and Felicia Gelvsey.[3] *Aff. of Alun W. Griffiths* [#17-1] ¶ 4. On July 10, 2014, counsel for Truven advised counsel for Relators by letter that "Truven strongly objected to any further depositions of Truven employees" and that "'Truven would vigorously assert all of its rights and remedies in that regard.'" *Id.* ¶ 5; *Ex. B* [#17-3]. Without any further conferral, Relators issued deposition subpoenas from the Southern District of Texas on the four Truven employees, all of whom were located in the District of Colorado. *Aff. of Griffiths* [#17-1] ¶ 6; *Motion* [#15] at 2. Truven initially provided no response to the subpoenas but immediately began to prepare a motion to quash, as it had told Relators it would do in the July 10, 2014 letter. *Motion* [#15] at 2; *Aff. of Griffiths* [#17-1] ¶ 7. On August 13, 2014, Relators reached out to Truven to inquire about the status of the subpoenas. *Motion* [#15] at 2. On the evening of August 14, 2014, one week before the first scheduled deposition, counsel for Truven left a voicemail for Relators' counsel, "advising them it did not plan to move forward with the depositions and giving them an opportunity to withdraw the subpoenas and avoid a motion to quash." *Id.*; *Response* [#17] at 4; *Aff. of Griffiths* [#17-1] ¶ 7. On August 15, 2014, Relators informed Truven that they would not withdraw the subpoenas, and that evening, Truven filed a Motion to Quash [#1] pursuant to Fed. R. Civ.

---

[3] Relators had already taken the depositions of two other Truven employees. *Aff. of Griffiths* [#17-1] ¶ 4.

P. 45 in the United States District Court for the District of Colorado. *Motion* [#15] at 2; *Aff. of Griffiths* [#17-1] ¶ 8. On August 18, 2014, Relators filed a Response [#5, #6] to the Motion to Quash. On August 20, 2014, Truven filed a Motion for Protective Order [#8], "confirming that the motion to quash had stayed the depositions." *Response* [#17] at 4; *Aff. of Griffiths* [#17-1] ¶ 9. Counsel for Relators "were already en route to Denver from Houston, Texas" when the Motion for Protective Order [#8] was filed. *Motion* [#15] at 1.

On August 28, 2014, the Court granted in part and denied in part the Motion to Quash [#1]. *Order* [#14]. The Motion to Quash was granted as to the deposition of Ms. Davis and denied as to the depositions of the other three employees. *Id.* at 9. With respect to these three employees, the Court held: (1) Truven did not sustain its burden of showing that the information sought was not relevant, and (2) the record lacked any evidence relating to the burden on Truven of going forward with the depositions. *Id.* at 6, 8. The Court limited the depositions of these three individuals to three-and-a-half hours each, and further ordered Relators and Truven to bear their own attorneys' fees and costs for the Motions [#1, #8]. *Id.* at 9. Relators in the present Motion seek attorneys' fees and costs in the amount of $17,576.02 "resulting from Truven's decision to file a Motion to Quash and Motion for Protective Order" and "associated with traveling to and staying in Colorado for the scheduled depositions." *Motion* [#15] at 6.

Although the Motion [#15] is not phrased or argued as such, the portion of the Motion seeking attorneys' fees and costs "resulting from Truven's decision to file a Motion to Quash and Motion for Protective Order" is essentially a motion for reconsideration of the Court's prior Order [#14], and the Court construes it as such. A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson*

*Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).  It is well-established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948).  Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

Relators do not argue that there has been an intervening change in the controlling law or the existence of new, previously-unavailable evidence.  Rather, the Court broadly understands their argument to be under the third ground for reconsideration, i.e., the need to correct clear error or prevent manifest injustice.  However, Relators and Truven were ordered to bear their own fees and costs because the result of the motion to quash was divided: the motion was granted as to Ms. Davis but denied as to the other three employees. *Order* [#14] at 9.  In the present Motion [#15], Relators have provided no appropriate legal basis for reconsideration of this determination.  Accordingly, the Motion [#15] is **denied** with respect to Relators' request for attorneys' fees and costs "resulting from Truven's decision to file a Motion to Quash and Motion for Protective Order."

The Court next turns to Relators' request regarding attorneys' fees and costs "associated with traveling to and staying in Colorado for the scheduled depositions." *Motion* [#15] at 6.  Under Rule 26(c)(1), "[a] party *or any person* from whom discovery is sought may move for a protective order . . . in the court for the district where the deposition will be taken. . . ." (emphasis added).  Under Rule 26(c)(3), "Rule 37(a)(5) applies to the award of expenses."  Here, the Motion for Protective Order was granted in part and denied

in part. *Order* [#14] at 9. Accordingly, under Rule 37(a)(5)(C), "If the motion is granted in part and denied in part, the court may . . . apportion the reasonable expenses for the motion."

Relators request an award of their airfare, luggage charges, and two nights at a hotel, as well as compensation for their travel time based on their hourly billable rates. *Ex. A* [#15-1]. Truven responds that there was no need for Relators' counsel to travel to Denver, because they knew almost a week in advance that Truven would not permit the depositions to go forward on the scheduled dates. *Response* [#17] at 5.

Local Rule 30.2(a) contemplates that a motion for protective order must be filed before a deposition will be stayed: "Pending resolution of a motion or request for relief under Fed. R. Civ. P. 26(c) or 30(d), the discovery to which the motion or request is directed shall be stayed unless otherwise ordered." There is no provision for an automatic stay in connection with a motion to quash under Rule 45(d)(3). Truven provides case law from other districts indicating that "a non-party's motion to quash a subpoena under Rule 45 . . . [is] the functional equivalent of a party's motion for a protective order under Rule 26 . . . ." *Response* [#17] at 6 (citing *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002); *Huntair, Inc. v. Climatecraft, Inc.*, 254 F.R.D. 677, 679 (N.D. Okla. 2008); *Franck Brunckhorst Co. v. Ihm*, No. 12-0217, 2012 WL 5250399, at *4 (E.D. Pa. Oct. 23, 2012)).

The Court need not decide at this time whether Truven's argument regarding the effect of a motion to quash is persuasive. Even if the depositions were not technically stayed until Truven filed the Motion for Protective Order [#8] on August 20, 2014, the day before the first deposition was to take place, the Court finds that Relators' request should

be denied. Truven makes unrebutted arguments that its counsel: (1) told Relators' counsel on July 10, 2014, that it would "resist any further attempts by [Relators] to obtain discovery from Truven or its employees and will vigorously assert all of its rights and remedies in that regard," *Ex. B* [#17-3] at 2; (2) told Relators' counsel a week before the depositions that they would not go forward, *Aff. of Griffiths* [#17-1] ¶ 7; and (3) filed the Motion to Quash [#1] the next day, six days before the scheduled depositions, *id.* ¶ 8. Under these circumstances, Relators' counsel's decision to ignore the Motion to Quash [#1] in its entirety, travel to Denver, and wait for two days is not reasonable or compensable. *See, e.g.*, *School-Link Techs., Inc. v. Applied Res., Inc.*, No. 05-2088-JWL, 2007 WL 677647, at *5-6 (D. Kan. Feb. 28, 2007). Therefore, Relators' request regarding attorneys' fees and costs "associated with traveling to and staying in Colorado for the scheduled depositions" is **denied**.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#15] is **DENIED**.

Dated:  January 29, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge